UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER J. KLUGER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | DOCKET NO: |
| vs. | : | |
| JETBLUE AIRWAYS CORPORATION; and JOHN DOES 1-5 AND 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | *Electronically filed* |

Plaintiff, Amber J. Kluger ("Plaintiff"), residing in the State of New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is brought under the Americans with Disabilities Act ("ADA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), alleging discrimination in employment on the basis of disability, perceived disability and/or record of disability, failure to provide reasonable accommodation, and retaliation for engaging in protected activity.

**Jurisdiction and Venue**

1. Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331, 28 U.S.C. § 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all of the events or substantially all of the events described below took place within the district.

1

## Identification of Parties

3. Plaintiff Amber J. Kluger resides in Haddonfield, New Jersey, and, at all relevant times herein, was an employee of the Defendants.

4. Defendant JetBlue Airways Corporation ("Defendant") is a corporation doing business at the Philadelphia International Airport located within Tinicum Township, Pennsylvania, with a registered agent for service of process located in Dauphin County, Pennsylvania, and, at all relevant times herein, was the employer of Plaintiff.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

## Exhaustion of Administrative Remedies

6. Plaintiff exhausted her administrative remedies by filing a Complaint encompassing all claims herein under the ADA and PFPO with the Equal Employment Opportunity Commission ("EEOC"), which Complaint was requested to be dual filed with the local agency, and for which Complaint the EEOC issued a "Right to Sue" Notice closing its investigation on or about September 24, 2022, less than ninety (90) days prior to filing this Complaint. A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit "A".

## General Allegations

7. Plaintiff was employed by the Defendants beginning on or about January 19, 2022.

8. At all times relevant herein, Plaintiff is an individual with a disability, specifically, Plaintiff has the diagnoses of attention deficit/hyperactivity disorder ("ADHD") and dyslexia, conditions which Plaintiff was diagnosed with since childhood.

9. Plaintiff's medical conditions constitute disabilities under the ADA and PFPO, in that they substantially impair one or more major life activities including, but not limited to, normal neurological functions, including concentrating and reading.

10. At all times relevant herein, Plaintiff was a qualified individual with a disability, capable of performing all of the essential functions of her position with the Defendant, with or without reasonable accommodation.

11. At all times relevant herein, Plaintiff performed up to and/or in excess of the reasonable expectations of her employers.

12. Upon Plaintiff's hire by the Defendants, Plaintiff was provided with an initial training period with respect to her job duties.

13. In or about early February 2022, Plaintiff disclosed her diagnoses of ADHD and dyslexia to a JetBlue liaison, Dana (last name unknown) and requested a reasonable accommodation of additional training time to accommodate her medical conditions.

14. Plaintiff thereby put Defendant on actual and/or constructive notice of her need for a reasonable accommodation to perform her job.

15. Plaintiff further thereby engaged in protected activity under the ADA and the PFPO by requesting reasonable accommodation for her disabilities.

16. Dana, the JetBlue liaison to whom Plaintiff confided her medical conditions and need for reasonable accommodation, shortly thereafter disclosed Plaintiff's private medical information to Defendant's supervisor, Pamela (last name unknown).

17. Plaintiff discovered that Dana had disclosed Plaintiff's private medical information to Pamela when Pamela emailed Plaintiff and told her to contact Defendant's ADA department to formally request an accommodation.

18. Shortly thereafter, Dana and/or Pamela further disclosed Plaintiff's private medical information, including her diagnoses of ADHD and dyslexia, to Plaintiff's coworkers.

19. Following Plaintiff's disclosure of her medical conditions and making a request for reasonable accommodation, Defendant engaged in a campaign of discrimination, harassment and retaliation against Plaintiff.

20. The harassment Plaintiff was subjected to by Defendant included, but was not limited to, the following:

    a. In or about mid-February 2022, Dana began to surveil Plaintiff by taking pictures of her and videotaping her at work without Plaintiff's consent.

    b. In addition, Ed (last name unknown), another supervisor, began to take video recording of Plaintiff while she was training in or about mid-February 2022, without Plaintiff's consent.

    c. The following day, when Plaintiff was assigned to make airport announcements, Jason (last name unknown), another supervisor, told Plaintiff, "It sounds like you don't know how to read."

    d. On or about February 26, 2022, Plaintiff emailed the ADA department at Defendant and reported that she was being subjected to harassment based on her disability.

21. Plaintiff further requested assistance, by way of training, as a reasonable accommodation for her disabilities.

4

22. Plaintiff thereby engaged in further protected activity under the ADA and PFPO by reporting unlawful harassment based on her disability and further requesting reasonable accommodation to perform her job.

23. Defendant failed to promptly respond to Plaintiff's report of harassment and request for reasonable accommodation, even with Plaintiff repeatedly attempting to reach someone to get this assistance.

24. Defendant thereby failed to engage in good faith in the interactive process under the ADA and PFPO.

25. Defendant further failed to promptly respond and address the severe and/or pervasive harassment that Plaintiff was subjected to by supervisors at Defendant because of her disability and/or perceived disability and/or record of disability.

26. Due to Defendant's failure to promptly remediate this unlawful harassment, the harassment only continued.

27. Shortly after Plaintiff's complaint to the ADA department, in or about early March 2022, Plaintiff was falsely blamed for other of Defendant's employees failing to perform a transportation security administration audit which failure was accompanied by a $10,000 fine.

28. On or about March 9, 2022, Pamela switched Plaintiff's assignment from counter duties to being assigned to the jet bridge.

29. Defendant had provided only minimal training to Plaintiff with respect to duties on the jet bridge and further failed to provide her with reasonable accommodation that she was requesting for further training due to her ADHD and dyslexia.

30. Despite having inadequate training, Plaintiff did her best to perform the duties Defendant had newly assigned her; however, Pamela quickly instructed Plaintiff to "get out of the way."

31. Without providing additional assistance or training or any reasonable accommodation or engaging in any interactive process in good faith, Pamela abruptly terminated Plaintiff's employment.

32. On or about March 10, 2022, Plaintiff made another complaint to Defendant's ADA and human resources departments.

33. In response to Plaintiff's complaint, the ADA department reinstated Plaintiff's employment, but placed her on an unpaid leave of absence, and continued to fail to engage in the interactive process in good faith to provide reasonable accommodations.

34. Less than two weeks later, on or about March 21, 2022, Juan (last name unknown), the general manager, again abruptly terminated Plaintiff's employment.

35. Juan told Plaintiff that he was unaware that the ADA department had placed her on a leave of absence.

36. Finally, in or about late March 2022, after Plaintiff had been terminated twice and placed on an unpaid leave of absence with no interactive dialogue or reasonable accommodation provided, Defendant's representative insisted that Plaintiff provide a blanket medical disclosure and consent form permitting Defendant to gain access to all of Plaintiff's medical information, in addition to the specific information Defendant claimed to need from Plaintiff's doctor to process her reasonable accommodation.

37. Plaintiff repeatedly attempted to contact the Defendant's representatives regarding this medical consent form, and immediately made an appointment with her doctor to provide the

specific information that Defendant requested, but expressed her genuine concern regarding the confidentiality of her private medical information due to the disclosures of her private medical information that had already taken place among her coworkers without her consent.

38. Plaintiff repeatedly requested to have conversations with the representative to further understand what measures would be in place to protect her information and whether this information was essential to Defendant's processing of her reasonable accommodation request.

39. Plaintiff provided all of the information that Defendant requested and was entitled to under the ADA and/or PFPO, specifically, the information necessary for Defendant to engage in the interactive process to identify reasonable accommodations.

40. Despite having all of the information that Defendant needed, Defendant continued to insist that it could not process Plaintiff's request for reasonable accommodation unless Plaintiff granted Defendant unlimited access through the medical disclosure consent form.

41. Defendant never provided any legitimate reason why it would need such blanket access to Plaintiff's private medical information.

42. Defendant never identified any specific information that was lacking in the medical information Plaintiff had already provided, that was relevant to Defendant's consideration of Plaintiff's request for a reasonable accommodation.

43. Notwithstanding Plaintiff's expressed concerns and explanations for why this single form was the one thing that she had reservations about providing to Defendant as part of this process, Defendant continued to insist that it could not process Plaintiff's request for reasonable accommodation or further engage in any interactive dialogue unless Plaintiff provided this unfettered access.

44. Defendant thereby failed to engage in good faith in the interactive process, and rather, engaged in a "sham" interactive process, designed to ensure that Plaintiff would not receive a reasonable accommodation, or even go further in the process to discuss a reasonable accommodation.

45. Despite Defendant's own failure to engage in good faith in the interactive process by requiring unnecessary and invasive private medical information from Plaintiff, Defendant then terminated Plaintiff's employment, though Defendant has already constructively discharged Plaintiff on or about March 21, 2022, when Defendant placed her on an unpaid leave under the pretext of processing her reasonable accommodation request.

46. The above alleged harassing conduct included comments that were disability based on their face and/or were motivated by Plaintiff's disability.

47. The aforementioned harassing conduct included comments that were motivated by retaliation for Plaintiff engaging in protected activity by requesting a reasonable accommodation and/or complaining about disability harassment.

48. The aforementioned harassing conduct was severe and/or pervasive, and was such that a reasonable person in the same or similar circumstances as Plaintiff would have found the work environment to have become hostile, intimidating and/or abusive.

49. Plaintiff, herself, did find her work environment to be hostile, intimidating and/or abusive based on the aforementioned harassing conduct.

50. The aforementioned harassing conduct was perpetrated by supervisory employees of Defendant and/or those with influence over Plaintiff's supervisors.

51. Plaintiff further reported the aforementioned harassing conduct to Defendant's human resources representatives, thereby placing Defendant's compliance group on actual and/or constructive notice of the harassing conduct.

52. Defendant is responsible and/or liable for the aforementioned harassing conduct because it failed to reasonably promulgate and/or enforce a policy prohibiting same.

53. Defendant is also responsible and/or liable for the aforementioned harassing conduct because it had actual and/or constructive knowledge about the harassment and failed to take prompt and effective remedial measures to stop it.

54. Plaintiff suffered adverse employment actions as alleged above, including, without limitation, her constructive discharge and/or discharge from employment, which actions were motivated by Plaintiff's membership in one or more protected groups as follows: Disability (ADHD and dyslexia), Defendant's perception(s) of Plaintiff's disabilities, Plaintiff's record of having disabilities, Plaintiff's request for reasonable accommodation for her disabilities, and/or Plaintiff complaining about unlawful harassment as described above.

55. To the extent there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in Defendant's actions and/or omissions described above were because of her membership in one or more of the protected groups set forth above.

56. As a result of Defendant's actions and/or omissions described above, Plaintiff has been forced to suffer economic and non-economic harm, including pain and suffering.

57. Because Defendant's actions and/or omissions described above were undertaken by member of upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, punitive damages are warranted.

## COUNT I

### ADA-Disability Discrimination

58. Plaintiff hereby repeats and re-alleges paragraphs 1 through 57, as though fully set forth herein.

59. For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### ADA-Perception of Disability Discrimination

60. Plaintiff hereby repeats and re-alleges paragraphs 1 through 59, as though fully set forth herein.

61. For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the ADA.

WHEREFORE Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### ADA-Failure to Reasonably Accommodate Disability

62. Plaintiff hereby repeats and re-alleges paragraphs 1 through 61, as though fully set forth herein.

63. For the reasons set forth above, the Defendants are liable to Plaintiff for failing to reasonably accommodate her disability in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### ADA-Harassment based on Disability/Perception of Disability/Record of Disability
### (Hostile Work Environment)

64. Plaintiff hereby repeats and re-alleges paragraphs 1 through 63 as though fully set forth herein.

65. For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful harassment and creating and maintaining a hostile work environment based on Plaintiff's disability, Defendant's perception of Plaintiff's disability and/or Plaintiff's record of disability, in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### ADA-Retaliation

66. Plaintiff hereby repeats and re-alleges paragraphs 1 through 65, as though fully set forth herein.

67. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

## COUNT VI

### PFPO-Disability Discrimination

68. Plaintiff hereby repeats and re-alleges paragraphs 1 through 67, as though fully set forth herein.

69. For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VII

### PFPO-Perception of Disability Discrimination

70. Plaintiff hereby repeats and re-alleges paragraphs 1 through 69 as though fully set forth herein.

71. Plaintiff was subjected to discrimination based on Defendants' perception of her disability such that Defendants are liable under the PFPO.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VIII

### PFPO-Record of Disability Discrimination

72. Plaintiff hereby repeats and re-alleges paragraphs 1 through 71 as though fully set forth herein.

73. Plaintiff was subjected to discrimination based on record of her disability such that Defendants are liable under the PFPO.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IX

### PFPO-Failure to Reasonably Accommodate Disability

74.  Plaintiff hereby repeats and re-alleges paragraphs 1 through 73 as though fully set forth herein.

75.  For the reasons set forth above, the Defendants failed to reasonably accommodate Plaintiff's disability in violation of the PFPO such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT X

### PFPO-Retaliation

76.  Plaintiff hereby repeats and re-alleges paragraphs 1 through 75 as though fully set forth herein.

77.  For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT XI

### PFPO-harassment based on Disability/Perception of Disability/Record of Disability

### (Hostile Work Environment)

78. Plaintiff hereby repeats and re-alleges paragraphs 1 through 77 as though fully set forth herein.

79. For the reasons set forth above, the Defendants are liable to Plaintiff for harassment based on her disability, Defendants' perception of Plaintiff's disability and/or Plaintiff's record of disability, such that the Defendants are liable under the PFPO.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

## COUNT XII

### Request for Declaratory and Equitable Relief

80. Plaintiff hereby repeats and re-alleges paragraphs 1 through 79 as though fully set forth herein.

81. In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

   a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal law and Philadelphia ordinance as set forth herein;

      b.      Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

      c.      Plaintiff requests equitable reinstatement to her position or to position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and equitable front pay, and including any reasonable accommodation to permit Plaintiff to perform the essential functions of her or such position;

      d.      Plaintiff requests that any order for equitable reinstatement, equitable back pay and/or equitable front pay includes the full value of all lsot wages, benefits, fringe benefits, and other remuneration of which Plaintiff was deprived due to Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

      e.      Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or her attorneys in connection with this litigation and all of Plaintiff's reasonably attorneys' fees along with statutory and required enhancements to said attorneys' fees;

      f.      Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training within 90 days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by the ADA and PFPO, as well the employer's obligation to engage in good faith in the interactive process to identify reasonable accommodations for disabilities, and to require that such training be conducted by an independent consultant with specific expertise in

such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

      g.      Plaintiff requests that the Court order the Defendants to have all supervisory and human resources personnel undergo and complete an initial training within 90 days of any such equitable order, and thereafter annual training, on the employer's obligations to investigate and address complaints of unlawful harassment prohibited by the ADA and/or the PFPO, and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any way a in contractual relationship with the Defendants;

      h.      Plaintiff requests that the Court order the Defendants to finish proof of completion of the initial training described herein to Plaintiff within 180 days of the entry of any such equitable order;

      i.      Plaintiff requests that the Court order that the Defendants expunge from all records any reference to any discipline or termination of the Plaintiff and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of her employment and last position held unless legally required to produce other information; and

      j.      Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & MAINS, LLC**

Dated: November 2, 2022

By: **/s/ Miriam S. Edelstein**
**Miriam S. Edelstein**
PA ID No. 204557
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Tel: (856) 727-9700
Fax: (856) 727-9797
medelstein@costellomains.com

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal rules of civil procedure, a trial by jury on all counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: **/s/ Miriam S. Edelstein**
**Miriam S. Edelstein**